```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                     )
LUANITA LANE,                        )
                                     )
        Plaintiff,                   )
                                     )   Civil Action No.
        v.                           )   23-11958-TSH
                                     )
BRIGHAM AND WOMEN'S HOSPITAL,        )
KAPLANA GEORGE WECELLEY BECEN,       )
JACKIE SUTTON-WILSON,                )
DIANNA SUTTON, MOLLY CEVENNEL,       )
DHEVELA BENNEIL,                     )
                                     )
        Defendants.                  )
_____)
```

                                ORDER

HILLMAN, D.J.                                      October 16, 2023

Plaintiff Luanita Lane's ("Lane") motion to proceed in forma pauperis (Doc. No. 2) is hereby ALLOWED. Because Lane is proceeding in forma pauperis, the action is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). This Court also has an independent obligation to sua sponte inquire into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

Even if this Court had subject matter jurisdiction over the action -- which is doubtful -- the relief requested: initiation of a criminal investigation and return of custody of Lane's now-

adult child fail to state claim upon which relief can be granted.

First, "federal courts are not authorized to conduct or compel criminal investigations." Diaz v. Perez, No. CV 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing In re United States, 441 F.3d 44, 58 (1st Cir 2006). Thus, the requested relief is unavailable from this Court.

Second, according to the complaint, it appears that Lane's child was allegedly born in 1992, and therefore is 31 years old. Barring some incompetency that is not alleged, and presuming jurisdiction, there would be no basis for a state court –- let alone a federal court –- to order Lane to have "custody" of an adult child.

Where it is clear that this Court can provide none of the requested relief, it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002). Accordingly, as to the named defendants this action is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B). The Clerk is directed to enter a separate order of dismissal without prejudice.

**So Ordered.**

/s/ Timothy S. Hillman
UNITED STATES DISTRICT JUDGE